Beacom, J.
The plaintiff says he is a tax-payer and resident of the village of Lakewood, and that he brings this action for the benefit of the village; that he demanded of the solicitor of said village, in writing, that said solicitor bring this action on behalf of the village, but that the solicitor refused; that the defendant, C. E. Maile, became treasurer of said village in the year 1899, and remained such for a period of about four years; that the defendants, Webb and William Maile, were sureties for said treasurer on his official bond; that large sums of money were paid to him as such treasurer, and were by him deposited in various banks, and that the treasurer received as interest on moneys so deposited in these banks large sums of money, and, in substance, that the said moneys belonged to the village and not to the treasurer, but that the treasurer has refused to turn this interest over to the rightful owner—that is, the village—but keeps said moneys himself, and refuses to make any accounting to the *202 village therefor; that defendant, Rowe, is the mayor of Lakewood, and defendants, Webb, Southern, Andrews, Mueller and Edwards, the council thereof, and defendant, Sensei, the clerk, and Lewis Smith, the present treasurer; that, in November, 1904, the council passed a resolution, by the terms of which it undertook to accept from defendant, Maile, $1,250 as full payment of all moneys then due to the village from said Maile as treasurer, and to release Maile and his bondsmen from any further payment to the village; that said resolution was adopted, approved by the mayor, and that the other officers, the clerk and treasurer, were about to carry into effect this resolution, and that the defendant, Maile, the former treasurer, has fraudulently concealed from the council and the village the fact that he has received large sums of money as interest for the deposit of the public money, and that the majority of the council are in collusion with him and desire to make this proposed settlement to aid him in retaining the said moneys fraudulently. Plaintiff prays that an accounting may be had in this court with the said former treasurer and with his bondsmen, and that the said treasurer and his bondsmen be required to pay all sums found due against them in that accounting, and that the mayor and members of the council, the present treasurer and the. present clerk be all enjoined from carrying out the compromise provided for in said resolution which had passed the council. These are the substantial averments and state the gist of this action.
A portion of the defendants appear and demur. Defendant, William Maile, one of the bondsmen of the ex-treasurer, demurs “for that plaintiff has not legal capacity to maintain this action. ’ ’
Three other defendants, the mayor, clerk and present treasurer, file a joint pleading, setting up two grounds of demurer:
First. That several causes of action are improperly joined.
Second. That separate causes of action against the several defendants are improperly joined.
We will consider these in their order:
First. That plaintiff has not legal capacity to maintain this action, as averred by defendant, William Maile. There has been *203 some discussion as to what questions are raised by that demurrer. I find on examination of the Ohio authorities there is no trouble in determining the scope of this demurrer.
' In Saxton v. Seiberling, 48 O. S., 554, the matter to which I call attention being on page 559, this same question was raised in a different form, but the court indicates clearly what this demurer raises. In that case it was claimed that the action under consideration should have been brought by the assignee of a bankrupt for the benefit of creditors. It was not brought by him, but was brought by the creditors themselves. It is a case in spirit similar to the present one, being brought by persons' who were really the parties in interest on the claim that their representative, the assignee, was not properly taking care of their interests and had refused to bring an action when it should have been brought. Nothing was filed in that case but a general demurrer, yet the proposition was argued that the assignee should bring the suit and not the creditor, and the court said:
“The second point is, that no one but the 'assignee can maintain the action. This is but another form of urging the want of capacity to sue and might be disposed of by saying, it is hot embraced by the demurrer of the defendant. [That demurrer was a general demurrer.]' Want of capacity to sue is a special ground of demurrer, and to be raised in that way should be specially assigned. When want of capacity is relied on by defendant as an objection to the maintenance of the action by plaintiff, it should be made by demurrer or answer, and when taken by demurrer it should be specially assigned. ’ ’
That is substantially this ease so far as that question is concerned. The court said that if defendant desired to raise the question as to whether or not the creditors had a right to sue in their own names or must be represented by the assignee coming in for them, the way to reach that question was by special demurrer alleging that the creditor had not capacity to sue. And so, I take it, in the light of that case, this demurrer raises fifie question as to whether or not Nicholson could come in here speaking for himself and the village, or must he be represented by the council, or by whatever public officials are charged with *204 the duty of earing for the p-ublie funds' and bringing an action to protect them. Therefore I think the question is plainly raised by this special demurrer, can Nicholson come in here as plaintiff in a suit of this kind, whatever may be the merits of the ease?
This is taken for granted in 4 C. C., 268, Stale of Ohio, by Schwartz, Prosecuting Attorney of Hamilton County, v. John Zumstein et al, in which two suits were brought by the prosecuting attorney of Hamilton county to recover moneys improperly paid, and two suits of the same character and for the same purpose were brought by a tax-payer, and the court said the question before the court was whether or not the prosecuting attorney or a tax-payer could 'bring a suit which, it was claimed, should be brought by the county commissioners. So I take the question raised by this special demurrer is not to simply reach a ease of insanity or some disability of that character, but that its scope is broad enough to raise the question of the right of this petitioner, Nicholson, to bring this action.
Passing to the substance of the question, does plaintiff have capacity to bring this action? This case seems to be decided by the case last referred to, State of Ohio, ex rel Schwartz, v. John Zumstein et al, decided by the Circuit Court of Hamilton County. The court expressly passed upon the question raised here. The facts in that case were, substantially, that suit was brought against three members of the board of control who had voted for the allowance of a bill which had been presented by two persons, who were or had been members of said board, for expenses claimed to have been incurred by them while members, and against the county auditor, who drew a warrant on the treasurer, and against the person who had received payment thereof from the treasurer. The petitions allege that such allowance, drawing the warrant, and the reception of the money were illegal and unauthorized; that no such expense had been incurred, as the members well knew. It was a suit by a taxpayer against the officials who had authorized the payment of the money and the person who had received the money, and the averments were substantially as in this case that the transac *205 tion was fraudulent. It was charged that no such expense had ever been incurred, and that the officials and the persons who received the money very well knew that they had never been incurred. That was an averment of fraud as strong as language could make it. Two of these suits were brought by the prosecuting attorney, and two others were brought by a tax-payer who averred that he had demanded of the county commissioners in writing that they bring the action, but that they had failed and refused to do so. That makes the ease parallel to this present one, and here is what the court say:
W-. 0. Mathews, for plaintiff.
Higley & Maurer, for defendants.
‘ ‘ There can be no question but that the board of county commissioners, the financial representatives of the county, is the body having the right to sue for and recover all sums of money due to the county, unless the statutes of the state specifically in certain eases impose that duty upon or give that right to some other officer or person—and no other perspn or officer is authorized to sue for or recover any such money demanded unless the right to do so is conferred by statute.”
If that case is correctly decided, this court is of opinion that the facts in the present case are the same in law as in that case and that the ruling there would cover this case. 'It is there said that unless the statute imposes the duty of bringing the suit or grants the power to bring the suit- to some person other than the public officers, no_ other person has power to sue for the money. Demurrer, for that plaintiff has not legal capacity to maintain this action, sustained. It is unnecessary to pass on the other demurrers at this-time. Plaintiff excepts.